JAMES C. GIBBS, RESPONDENT, v. WATSON C. COOPER, APPELLANT.

Submitted April 11, 1914—Decided June 15, 1914.

1. An agreement for the conveyance of land contained a clause fixing $1,000 as liquidated damages for the breach of all and singular the covenants and agreements, when the loss resulting from breaches of different covenants must clearly differ in amount. *Held*, that the amount is a penalty only and that the most that can be recovered for a breach is the actual loss.

2. The inference arising from the annexation of personal property to real estate is an inference of fact, not a conclusion of law; the question whether it becomes part of the realty is a question for the jury, and evidence is admissible to prove either that there was no intent to annex the personalty to the realty or that subsequently by agreement it again became personal property as between vendor and vendee.

On appeal from the Supreme Court, Warren county.

For the respondent, *William H. Morrow.*

For the appellant, *Joseph M. Roseberry.*

The opinion of the court was delivered by

SWAYZE, J. This was an action for damages for the failure of defendant to perform a contract to convey a farm to the plaintiff. The defendant was ready with a deed on the day and at the place appointed, and it is not questioned that the description by metes and bounds contained in the deed covered the land described shortly in the agreement. The plaintiff refused to comply because the defendant, between the date of the agreement and the date fixed for the delivery of the deed, had removed a generator for acetylene gas, the piping and fixtures connected therewith, and a hay fork. The real question in the case was whether these were part of the realty or were personal property. The judge held they were part of the realty, and thinking that a payment of $1,000 for failure to perform, provided for in the agreement, was liquidated damages, directed a verdict for that amount with interest.

The agreement not only provided for a conveyance of the land but also as a separate item, although for the same consideration, the conveyance of the manure and compost then on the premises or that might be made thereon, prior to the delivery of the deed. The clause relied on by the learned trial judge, after providing that the parties and their heirs, executors and administrators were bound for the performance of "all and singular the covenants and agreements," added "and they hereby agree to pay, upon failure to perform the same, the sum of one thousand dollars which they hereby fix and settle as liquidated damages therefor."

It is well settled that the question whether a sum agreed to be paid in case of failure to perform, is a penalty or liquidated damages depends upon the circumstances of the case and

not on the words used by the parties. They may call it a penalty and it may in law be liquidated damages; they may call it liquidated damages and it may in law be a penalty. *Whitfield* v. *Levy,* 35 *N. J. L.* 149, 156; *Monmouth Park Association* v. *Wallis Iron Works,* 55 *Id.* 132; *City of Summit* v. *Morris County Traction Co.,* 85 *Id.* 193.

In the second case cited we said: "Their agreement will, however, be ascertained by considering, not only particular words in their contract, but the whole scope of their bargain, including the subject to which it relates. If, on such consideration, it appears that they have provided for larger damages than the law permits, *e. g.,* more than the legal rate for the non-payment of money, or that they have provided for the same damages on the breach of any one of several stipulations, when the loss resulting from such breaches clearly must differ in amount, or that they have named an excessive sum in a case where the real damages are certain or readily reducible to certainty by proof before a jury, or a sum which it would be unconscionable to award, under any of these conditions the sum designated is deemed a penalty. And if it be doubtful on the whole agreement whether the sum is intended as a penalty or as liquidated damages, it will be construed as a penalty, because the law favors mere indemnity." We venture to repeat this language because one of the cases put by Mr. Justice Dixon covers the present case. This agreement provides the same damages on the breach of any one of several stipulations, when the loss resulting from the breaches must clearly differ in amount. The amount fixed is the same whether the breach of Cooper is the failure to convey the land or the failure to convey the manure and compost. The amount is to be paid for failure to perform all and singular the covenants and agreements, not merely for a breach of all the covenants, but as well for a breach of a single one. It would be most extraordinary to mulct the defendant in the same amount for failure to convey the manure as for failure to convey the farm; the amount seems excessive for the failure to convey the manure; and the real damages

must be readily reducible to certainty by proof before a jury. Moreover, the same amount is to be paid by Gibbs if he defaults as by Cooper if he defaults. Now unless the value of the land is an exact equivalent of the money, either vendor or vendee must profit by the consummation of the contract. If either will in fact profit, and the case is one where actual damages are recoverable by law (*Brown* v. *Honniss,* 70 *N. J. L.* 260), then the loss resulting from the breach of the vendor must differ from the loss resulting from the breach of the vendee; one loses by the failure to perform; the other is saved from a loss. If it be said that in contemplation of law, there is in certain cases no actual damage recoverable in such a transaction (*Gerbert* v. *Trustees,* 59 *Id.* 160), then the amount stipulated is clearly excessive and an attempt to substitute the agreement of the parties for a rule of law. We think it clear that the $1,000 is a penalty only and that the most that can be recovered is the actual loss.

Even that can only be recovered in case there was a default by the defendant, and this turns upon the question whether the apparatus in question was or was not a part of the realty. There was evidence that by express agreement it was reserved as personal property. This presented a question for the jury, since the inference arising from annexation of personal property to real estate is an inference of fact, not a conclusion of law. *Pope* v. *Skinkle,* 45 *N. J. L.* 39; *Campbell* v. *Roddy,* 44 *N. J. Eq.* 244; *Palmateer* v. *Robinson,* 60 *N. J. L.* 433. It is now argued that the evidence was inadmissible under the rule of *Naumberg* v. *Young,* 44 *Id.* 331. That case is inapplicable. There is no language in the agreement which expressly includes the generator, pipes and hay fork. If they are included, it is because they are part of the farm agreed to be conveyed; to show that they were part of the farm, it was necessary for the plaintiff to prove, as he undertook to do, actual annexation; to meet this it was equally permissible for the defendant to prove either that there was no intent to annex to the realty or that subsequently by agreement, the apparatus again became personal

property as between the parties. The case is not unlike a case where it becomes necessary to establish by a survey what land is embraced within the description. If we are to be confined, as the plaintiff insists, to the bare words of the agreement, an insuperable difficultly is in the way of the plaintiff's claim, since the farm is therein said to be the same premises conveyed to Cooper by Nicholas Harris, master in chancery, and it is undisputed that the generator, pipes, fixtures and hay fork were put up by the defendant himself after he got title. We think, however, it was a jury question.

It was error to direct the verdict and the judgment must be reversed to the end that there may be a *venire de novo*.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ.    12.